**STATE of Missouri, Respondent,**

v.

**Robert STAPP, Appellant.**

**No. 10766.**

Missouri Court of Appeals,
Springfield District,
Division Two.

Dec. 12, 1978.

Motion for Rehearing and for Transfer
Denied Dec. 28, 1978.

---

Sandra L. Skinner, Springfield, for appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Defendant Robert Stapp was tried and convicted of the sale of a controlled substance (marijuana) and duly sentenced. Because of defendant's failure to comply with the rules governing appellate procedure, we dismiss his appeal.

Sentence was imposed and judgment entered July 29, 1977. Defendant filed his notice of appeal August 5, 1977. On November 4, 1977, the court entered an order extending the time within which to file the transcript to six months from the date of the filing of the notice of appeal. The transcript was filed with our clerk on February 3, 1978.

Rule 81.18 provides: "The transcript on appeal shall be filed with . . . the appellate court within 90 days from the date of filing of the notice of appeal . . . ."

Rule 81.19 authorizes the trial court to grant a limited extension of time within which to file the transcript, provided certain conditions are met. This rule states: "The trial court may extend the time within which any act may be done under Rules 81.12 and 81.18 in accordance with the subdivision (b) of Rule 44.01. The trial court shall not extend the time for filing the transcript on appeal beyond 90 days from the date of filing in the trial court of the notice of appeal . . . unless the transcript on appeal be ordered in writing from the court reporter within 30 days after the filing of such notice of appeal and a duplicate copy of such written order to the reporter be filed in the case within 15 days thereafter. The trial court shall not extend the time for filing the transcript on appeal for a longer period than six months from the date of the filing in the trial court of the notice of appeal . . . ."

The transcript, approved by the parties, fails to show a written order for the preparation of the transcript within the required 30-day period following the filing of the notice of appeal and the filing of a duplicate of such request within 15 days thereafter. Consequently, the trial court was, by the terms of Rule 81.19, prohibited from granting the six month extension on November 4, 1977, and was without jurisdiction to do so unless Rule 44.01(b) authorized such action.

Rule 44.01(b) is of no help to defendant. Within the original 90-day period, this rule would have permitted the trial court, "for cause shown" and upon "request therefor", to order an extension of time as limited by Rule 81.19. After the expiration of 90 days, "upon notice and motion" and a finding of "excusable neglect", the court, under this rule, was empowered to grant an extension not to exceed six months from the date of the filing of the notice of appeal. The trial court's order was entered the 91st day following the filing of the notice of appeal. The transcript does not reveal any notice and motion seeking an enlargement of time, nor any assertion of or determination of excusable neglect. There was no compliance with Rule 44.01(b).

Oft-repeated warnings of the necessity of compliance with the rules governing appellate practice have been made by this and other appellate courts of this state. The volume of cases reaching the appellate courts requires adherence to those rules.

The appeal is dismissed.

HOGAN and TITUS, JJ., concur.